UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WERONIKA E. K. JANCZUK,

        Plaintiff,

-against-

INNER CITY PRESS; MATTHEW LEE,

        Defendants.

24-CV-2385 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against Inner City Press and Matthew Lee, an Inner City Press reporter, asserting state law claims of defamation. By order dated April 2, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from the complaint. From January 11, 2022 to January 29, 2024, "Inner City Press[] published the name of the plaintiff-in-the-suit-opened herein during her . . . periods of arrest for the federal charges placed against her on January 11, 2022."[1] (ECF 1, at 5.) Defendant Matthew Lee, a reporter for Inner City Press, published articles on the internet that "100% publicly and intentionally condemned [Plaintiff] for the charges placed against her as if evidence and trial had been conducted." (*Id.*) Moreover, "[g]iven Lee's interpretative work, the publication . . . is inherently defamative and abusive." (*Id.*) Plaintiff seeks (1) the removal of the articles from the internet, (2) money damages, and (3) "the firing of Matthew Lee from all journalistic reporting." (*Id.* at 6.)

Plaintiff states that she resides in Queens County, New York, and that Inner City Press is located in New York County. She does not provide a residential address for Lee but rather lists his work address.

## DISCUSSION

**A.    Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc, 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

### 1. Federal Question

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff does not invoke this Court's federal question jurisdiction as a basis for the Court's exercising jurisdiction. Rather, she asserts state law claims of defamation. Thus, the Court cannot exercise federal question jurisdiction of Plaintiff's claims.

### 2. Diversity Jurisdiction

The Court also cannot exercise diversity jurisdiction of Plaintiff's state law claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff first must allege that the plaintiff and the

defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff, who resides in Queens, has not alleged facts demonstrating that there is diversity jurisdiction; all the information pleaded in the complaint indicates that all three parties are in New York. Plaintiff, who resides in Queens, provides a New York County address for Defendant Inner City Press, the same address she provides for Lee. Assuming Lee resides in New York, the Court cannot exercise jurisdiction of any defamation claims brought only against Lee. As complete diversity of citizenship is precluded, the Court cannot exercise subject matter jurisdiction of Plaintiff's state law claims.

**B.      Leave to Replead to Show Parties Are Diverse**

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order " to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Here, Plaintiff provides Defendant's Lee's work address, which is located in New York County, New York. If Plaintiff is in possession of facts indicating that Defendant Lee is domiciled outside of New York State, and wishes to pursue her state law claim against him, she may submit an amended complaint naming Lee and stating facts showing that Lee is domiciled outside of New York State and that the amount in controversy exceeds $75,000.00. Similarly, facts establishing the citizenship of Inner City Press would have to include the type of entity

(e.g., corporation, partnership, sole proprietorship) and the citizenship of its owners or members (or, if it is a corporation, its state of incorporation and principal place of business).

In the alternative, should Plaintiff prefer to proceed in state court, Plaintiff is not required to file any further submissions, and within 30 days, the Court will direct the Clerk of Court to enter judgment in this action, without prejudice to any state court action Plaintiff pursues.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, with 30 days' leave to replead. *See* Fed. R. Civ. P. 12(h)(3). The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:  April 10, 2024
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge